876 F.2d 894
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard BROCKMILLER, Plaintiff-Appellee,
v.
Officer WALTER, Officer Hart, and Warden Yarborough,
Defendants-Appellants.
 No. 87-2201.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1989.
 
 Before ENGEL, Chief Judge, WELLFORD, Circuit Judge, and WILLIAM K. THOMAS,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Richard Brockmiller, an inmate at the Michigan Training Unit (MTU), filed this action under 42 U.S.C. Sec. 1983 against Warden James Yarborough and two other prison officials seeking damages for alleged violations of his constitutional right to be free from cruel and unusual punishment. Brockmiller also raised pendent state claims. Defendants moved for summary judgment. Senior District Judge Wendell A. Miles denied their motion and defendants appeal.
 
 
 2
 The pertinent allegations supporting Brockmiller's claim, as set forth in the pleadings, can be stated as follows. At approximately 10:00 a.m. on August 18, 1985, Brockmiller was sexually assaulted by five inmates in the E Unit shower area of the MTU. At the time of the assault, Brockmiller was 19 years of age. Resident Unit Officer James Hoort and Corrections Officer Dale Walters had been assigned to supervise the prisoners while they were in the E Unit shower. Officers Hoort and Walters violated prison policies, and as a result the shower area was unsupervised at the time of the sexual assault. Warden Yarborough and the two officers were aware that it was a possibility and/or probability that Brockmiller could be a victim of sexual assault.
 
 
 3
 Based on these allegations, Brockmiller complains that he was assaulted because the defendants were deliberately indifferent to a pervasive and serious risk of harm to him and therefore that they subjected him to cruel and unusual punishment.
 
 
 4
 Defendants filed a motion for summary judgment. They attached to their brief in support of their motion affidavits attesting that they had no prior knowledge that Brockmiller would be assaulted. They also attached a report indicating that, out of an average daily MTU inmate population of 1,135, only 5 serious assaults and 29 total assaults on inmates occurred in 1985. In their supporting brief, defendants raised three issues: (1) that defendants had not violated Brockmiller's constitutional rights, (2) that defendants were immune from liability under the doctrine of qualified immunity, and (3) that defendants were protected under the Eleventh Amendment.
 
 
 5
 In his brief in opposition to defendants' motion for summary judgment, Brockmiller alleged that defendants were aware that he met a profile of inmates who face an extremely high risk of sexual assault and that adequate supervision of the shower facility was critical to protect inmates such as himself.
 
 
 6
 On November 9, 1987, the district court entered an order denying defendants' motion. In its order, the district court found that there were genuine issues of material fact and therefore that summary judgment was inappropriate.
 
 
 7
 On appeal, the defendants contend that the district court erred by failing to address their claims of qualified immunity and request that an order granting summary judgment be entered because they are immune from liability.
 
 
 8
 Defendants did not take advantage of the opportunity to file a motion for dismissal under Fed.R.Civ.P. 12(b)(6) or otherwise assert that Brockmiller's pleadings failed to state a claim for which relief could be granted, but instead contented themselves, before discovery could be completed, with moving for summary judgment under Fed.R.Civ.P. 56. The affidavits attached thereto merely deny that the defendants had been asked to render assistance to protect Brockmiller against the danger of sexual assault and further stated the defendants' subjective personal beliefs that they had in good faith followed the directives and policies of their superiors. Their motion was made before the plaintiff had an opportunity to complete discovery, and the affidavits which they filed did not comport with the objective tests required for the interposition of a "good faith" immunity claim under Harlow v. Fitzgerald, 457 U.S. 800 (1982). Therefore, it is the opinion of this court that the trial judge did not err in denying their motion for summary judgment.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable William K. Thomas, Senior Judge, United States District Court for the Northern District of Ohio, sitting by designation